MAY W. ASTLE *et al. vs.* BERTHA V. CARD.

JUNE 14, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Sweeney, J. This action of trespass and ejectment is before this court on defendant's exception to the ruling of the trial justice directing the jury to return a verdict for the plaintiffs. The question raised by the pleadings and the evidence is whether a widow acquired title to real estate by adverse possession against the next of kin of her deceased daughter on her paternal side. This question arises out of these facts.

John A. Wheaton died intestate September 9, 1873, leaving a widow, Elizabeth M. Wheaton, and their six-year old daughter Annie. At the time of his death Mr. Wheaton had title to several parcels of real estate, including unimproved building lots Nos. 7, 8, 9 and 10 located on Sutton street, East Providence. All Mr. Wheaton's real estate descended to his daughter, subject to her mother's right of dower.

Mr. Wheaton resided in Providence and his widow and daughter continued to reside there until the daughter's marriage to William T. Chace, October 20, 1887. March 24, 1888, Mrs. Chace died without issue and intestate. Upon the death of her daughter, Mrs. Wheaton acted as though she had inherited all of the real estate which had descended to her daughter from her father. In the latter part of 1888 she built a double dwelling house on lots Nos. 9 and 10, one half of the house being on each lot. January 1, 1889, Mrs. Wheaton conveyed lot No. 10, with the half of the house thereon, to Daniel B. Chace, father of her daughter's husband. Mr. Chace moved into the house and resided there until his death in 1923. Mrs. Wheaton moved from Providence into the half of the house on lot No. 9 early in 1889 and lived there until her death August 3, 1919. By

her will she authorized her executor to sell "all my real estate which may be in my possession at the time of my decease." April 27, 1920, her executor deeded said lot No. 9 to the defendant.

Mrs. Wheaton's assumption that she inherited all of the real estate from her daughter was a mistake of law. The real estate was ancestral estate. When Annie Chace died without children and intestate, the real estate which came to her by descent from her father passed to her next of kin of the blood of her father. Sec. 6, Chap. 187, P. S. 1882 now § 5551, G. L. 1923.

The next of kin to John A. Wheaton at this time were the plaintiffs, twin daughters of Mr. Wheaton's sister Mary, and a sister, Angeline W. Chandler, who died June 11, 1890, intestate. Her sole heir was a daughter who died in 1909. She devised all her property to these plaintiffs.

Plaintiffs were eighteen years old when their cousin Annie died and they became heirs to one half of the real estate which had descended to her from her father. Plaintiffs testified the first they heard of their having any interest in the property was on January 4, 1923, when a man came to them and asked them "to sign off" on lots Nos. 7 and 8 to a Mr. Rapoza. These were two of the lots which had been conveyed by Mrs. Wheaton. Plaintiffs then caused an investigation to be made and January 22, 1925, this action was commenced to recover possession of lot No. 9.

Plaintiffs' declaration alleged ownership in fee simple of said lot and right to immediate possession. Defendant filed several pleas including one of adverse possession of said lot in herself and her predecessor in title for more than ten years. Plaintiffs' replication was that defendant's predecessor in title had merely a dower interest in said lot and could not hold the same adversely to the plaintiffs who were the owners in fee.

The claim made by this replication is too broad for, according to the weight of authority, the possession by the widow, although not in hostility to the heirs, may be con-

verted into an adverse holding which will ripen into title if continued for the statutory period. 2 C. J. 159; *Standard Co.* v. *Young,* 96 Atl. (Conn.) 932; *Hogan* v. *Kurtz,* 94 U. S. 773; *Moore* v. *Hoffman,* 75 A. L. R. (Mo.) 135.

Our statute giving title by possession in force when Annie Chace died was Section 2, Chapter 175, P. S. 1882. This section provided that: "Where any person or persons, or others from whom he or they derive their title, either by themselves, tenants or lessees, shall have been for the space of twenty years in the uninterrupted, quiet, peaceable and actual seisin and possession of any lands, tenements or hereditaments, for and during the said time, claiming the same as his, her or their proper, sole and rightful estate in fee simple, such actual seisin and possession shall be allowed to give and make a good and rightful title to such person or persons, their heirs and assigns, forever; . . . and this chapter being pleaded in bar to any action that shall be brought for such lands, tenements and hereditaments, and such actual seisin and possession being duly proved, shall be allowed to be good, valid and effectual in law for barring such action."

Section 3 contained a provision saving minors from being prejudiced in their rights and claims provided they brought suit therefor within the space of ten years next after such impediment was removed.

This statute remained in effect until 1896 when the time to gain title was reduced to ten years. We find nothing in this statute excluding a person who may be a widow from claiming the benefits of its provision. The statute is in general terms and includes every person. 2 C. J. 228; 1 R. C. L. 757.

When Mr. Wheaton died his widow took no estate in his real estate. She had no right to the possession of any of it. A widow's right of dower in the real estate of her deceased husband, before assignment, is not an estate but a mere chose or right in action. *Maxon* v. *Gray,* 14 R. I. 641. Until dower is assigned it is no estate for life but rests in

action only. The right may never be pursued or, if pursued, there may be a good defense to it. *Hoxie* v. *Ellis,* 4 R. I. 123. Before dower is set off it is a right which cannot be assigned to a stranger to the estate, although it may be released to the terre-tenant. *Weaver* v. *Sturtevant,* 12 R. I. 537. The next of kin of Mr. Wheaton could have assigned and set off dower to Mrs. Wheaton any time after the death of her daughter. Sec. 4, Chap. 229, P. S. 1882. One half of the lot in question then belonged to Angeline Chandler, sister of Mr. Wheaton, and the other half belonged to the plaintiffs. Mrs. Chandler did nothing for two years to establish her title to her half of the lot and, when she died in 1890, her title descended to her daughter. During 19 years the daughter did nothing to recover possession of the lot and whatever title she had therein passed by devise in 1909 to plaintiffs. Then for 16 years plaintiffs took no action to recover the property. Plaintiffs were minors when one half of the lot descended to them. Three years thereafter they became of age and then 34 years elapsed before they commenced this action.

During all these years Mrs. Wheaton and her successors in title have had the uninterrupted, quiet, peaceable and actual seisin and possession of said lot, claiming the same as an estate in fee simple. Plaintiffs were on friendly terms with Mrs. Wheaton. They knew she built the house and visited her very often after she moved into it. Mrs. Wheaton thought well of the plaintiffs and made a bequest to each of them in her will. There is no claim of fraud on the part of Mrs. Wheaton or that she occupied the lot by license or permission of the plaintiffs.

Plaintiffs claim they did not know until 1923 they were entitled to the lot. It is generally held that mere ignorance of the facts which constitute the cause of action will not postpone the operation of the statute of limitations, but the statute will run from the time the cause of action first accrues notwithstanding such ignorance. 37 C. J. 969; *Christianson* v. *King County,* 203 Fed. 894, 239 U. S. 356. Noth-

ing appears in the record which would have prevented plaintiffs from ascertaining their legal rights in the estate of their cousin if they had acted with due diligence.

Defendant has clearly proved that she and her predecessor in title have had the actual seisin and possession of the land involved in this action for more than the length of time required by the statute to give her an estate in fee simple therein, and consequently such seisin and possession is a bar to this action.

Defendant's exception is sustained. Plaintiffs may appear before this court on June 28, 1932, at 9 o'clock a. m., Standard time, and show cause, if any they have, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Grim & Littlefield,* for plaintiffs.

*Francis J. O'Brien,* for defendant.