JULIA K. HAYES *et al. vs.* ARVIN H. SIPLE.

DECEMBER 9, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a bill in equity praying for an injunction and for other relief, involving the basic question whether a certain warranty deed to real estate be construed as a conveyance to the grantees therein as joint tenants and not as tenants in common.   After a hearing upon bill, answer and evidence, a justice of the superior court construed the deed as creating a joint tenancy and accordingly a final decree was entered.   The cause is before us on the respondent's appeal from that decree.

The deed in evidence was made out on a printed form which had blank spaces to be filled in as the case required. The material portions of the deed are as follows, the words italicized by us indicating the part that was added in typewriting by the scrivener.

> "Know all Men by these Presents, that *I, Herbert E. Bourne* . . . hereinafter called the Grantor in consideration of *Ten Dollars ($10)* Dollars, to *me* paid by *Edward T. Hayes,* and *Sylvia A. Hayes—wife of Edward T. Hayes, as JOINT TENANTS and not as tenants in common;*—hereinafter called the Grantees, the receipt whereof is hereby acknowledged, do hereby give, grant,

bargain, sell and convey unto the said Grantees, and *their* heirs and assigns forever. *That certain lot or parcel of land* . . . . To Have and to Hold, the aforegranted premises, with all the privileges and appurtenances thereunto belonging, unto and to the use of the said Grantees, and *their* heirs and assigns, forever."

The decisive question is whether, by virtue of general laws 1909, chapter 252, section 1, the deed should be construed as manifesting an intention to convey to the grantees as joint tenants and not as tenants in common. Since that section is substantially identical with G. L. 1938, chap. 431, § 1, all references here will be to the latter, which reads as follows:

"All gifts, feoffments, grants, conveyances, devises or legacies, of real or personal estate, which shall be made to 2 or more persons, whether they be husband and wife or otherwise, shall be deemed to create a tenancy in common and not a joint tenancy, unless it be declared that the tenancy is to be joint, or that the same is to such persons and the survivors or survivor of them or to them as trustees or executors, or unless the intention manifestly appears that such persons shall take as joint tenants and not as tenants in common."

The respondent is the only heir of Sylvia A. Hayes, one of the grantees, who died before her husband, the other grantee. The respondent contends chiefly that the grantor has not manifested an intention to convey the realty to the grantees as joint tenants and that the deed therefore conveyed the estate to them as tenants in common by virtue of the above chapter and section; that the words "as JOINT TENANTS and not as tenants in common" appearing in the deed must be disregarded as surplusage because they are inconsistent with and repugnant to the estate described in the granting and *habendum* clauses; that if these words are so disregarded, the granting and *habendum* clauses both contain apt words to create only a tenancy in common, because of the above § 1.

The trial justice did not agree with these contentions and in our opinion he was not in error. This court has held that

this statute prescribes a rule of construction. *Van Ausdall* v. *Van Ausdall,* 48 R. I. 106, 110; *Heath, Petitioner,* 12 R. I. 479. A deed to two or more grantees, according to this statute, is deemed to create a tenancy in common, unless a contrary intention manifestly appears. Therefore if evidence of such a contrary intention manifestly appears in the deed, a tenancy in common thus created by operation of the first part of the statute may be defeated.

In the instant cause the effect of the statute was defeated by certain evidence appearing on the face of the deed, expressing an intention to create a joint tenancy and not a tenancy in common. This evidence was not inconsistent with or repugnant to the estate described in the granting and *habendum* clauses, and was nowhere contradicted in evidence expressly or by implication. If the words "as JOINT TEN-ANTS and not as tenants in common" appeared expressly in the granting and *habendum* clauses, there would be no doubt of the parties' intention. Concededly these words do not appear in that form in either of these clauses; but the complainant calls attention to the fact that the statute does not expressly state the precise place in the deed where such words should appear. Moreover, the words "as JOINT TENANTS and not as tenants in common" immediately follow and modify the named grantees, Edward T. Hayes and Sylvia A. Hayes, his wife, and come next before the words "hereinafter called the Grantees". If the names of the grantees, accompanied by this modifying designation, be repeated in place of the words "the said Grantees" wherever the latter appear in the deed, the intent of the parties appears in both the granting and *habendum* clauses. By such reference back to the previous designation, the deed as a whole discloses an intent to create a joint tenancy.

The capitalization of the words joint tenants, whereas the other words of the phrase appear in small letters, is not of itself controlling; but it provides some further evidence of the scrivener's attempt to emphasize for the parties the

intent to create a joint tenancy rather than a tenancy in common. No reason has been suggested by the respondent to explain why the words "as JOINT TENANTS and not as tenants in common" would ever have been written anywhere in the deed if the parties actually intended a tenancy in common; whereas these words, when the deed is considered as a whole, are entirely consistent with an intention to convey to the grantees only as joint tenants.

No evidence appears in the cause tending to support any actual intent other than one to create a joint tenancy. Such words must have been added by the scrivener for some purpose. If, as here, the only actual purpose reasonably manifested upon the face of the deed shows an intention to create a joint tenancy and not a tenancy in common, we think that a tenancy in common, which would otherwise have been created by operation of the statute, was defeated, unless the quoted words are repugnant to the estate granted in the later clauses.

The respondent argues that the above-quoted words are inconsistent with and repugnant to the estate described in the granting and *habendum* clauses because such words would cut down the estate conveyed by the granting clause. For this contention he relies upon *Cummings* v. *Murchison*, 136 Me. 521, 12 A. 2d 177.

In that case the grantor conveyed an estate in fee simple to his wife but, by a subsequent clause, attempted also to convey to his children such portion thereof as would remain upon the death of his wife, and also attempted, notwithstanding the grant, to prevent a sale of the realty by his wife during her lifetime. The court there held that the case came within the rule that a grantor cannot destroy his own grant and "no subsequent clause, even in the deed itself, can operate to nullify it."

But the instant cause is obviously different. The words here do not destroy or nullify the grant or attempt to re-

strict the attributes of a fee simple estate, which was granted to these grantees, whether the nature of their tenancy is joint or in common. Indeed, apart from the statute involved, the words of the granting clause were apt words at common law to convey a fee simple estate to husband and wife as joint tenants. Moreover, in several cases involving statutes similar to ours, the principles underlying this and other present contentions by the respondent were considered and discussed; and the conclusions there reached are consistent with the construction adopted by the trial justice here. See *Stukis* v. *Stukis,* 316 Ill. 115; *Murray* v. *Kator,* 221 Mich. 101; *Weber* v. *Nedin,* 210 Wis. 39; *Slater* v. *Gruger,* 165 Ill. 329.

There being no evidence of any intent contrary to that expressed in the deed by the use of the words as joint tenants and not as tenants in common, we are of the opinion that the construction of the deed by the trial justice was not erroneous.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*William H. McSoley, Jr.,* for complainants.

*Morgan & Morgan,* for respondents.