## Commonwealth *v.* Wooding, Appellant.

556

Argued November 25, 1946. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

reargument refused January 28, 1947.

·Oscar Brown, with him Theodore Spaulding, for appellant.

Colbert C. McClain, Assistant District Attorney, with him John H. Maurer, District Attorney, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 6, 1947:

The facts of this case are set out in Commonwealth v. Brooks, 355 Pa. 551, 50 A.2d 325, in which an opinion has this day been filed. It need only be added, as to the present defendant Albert Wooding, that he too is of the age of 22 years; that he was tried before a jury separately from Brooks; that he likewise admitted his guilt in a signed confession and in his testimony at the trial; that he presented the same defenses of sub-normal mentality, intoxication, and the smoking of narcotic cigarettes, and that he also was found guilty of murder in the first degree, with imposition of the death penalty. In a previous trial for the attempted robbery of Glickman, he, like Brooks, had pleaded guilty and been sentenced for that crime.

As the murder of Burnby was committed in the perpetration of a robbery it was not incumbent upon the Commonwealth, in order to establish the offense as one of murder in the first degree, to prove premeditation and a specific intent to take life; therefore the fact that defendant had possibly been drinking and smoking to excess was of no legal significance as bearing upon the degree of the murder. The crime which he committed was murder in the first degree and could not, under the facts, have been anything else. In connection with the penalty, however, defendant contends that the court's charge strongly indicated the trial judge's skepticism as to the

truth of defendant's intoxication and mental deficiency, while, on the other hand, it indulged in lurid characterizations of the more atrocious aspects of the crime so that its effect as a whole was to lead the jury to the imposition of the extreme penalty. It must be admitted that the charge was severe, but we cannot say that it so trespassed beyond the bounds of judicial propriety as to constitute reversible error. The court did not discuss the penalty which the jury were to impose; they were told that that question was exclusively within their jurisdiction, thus complying with the mandate of the decisional authorities: *Commonwealth v. Stabinsky*, 313 Pa. 231, 234, 169 A. 439, 440; *Commonwealth v. Edwards*, 318 Pa. 1, 5, 6, 178 A. 20, 22; *Commonwealth v. Gable*, 323 Pa. 449, 455, 187 A. 393, 396; *Commonwealth v. Sykes*, 353 Pa. 392, 398, 45 A.2d 43, 46. Parenthetically it may be noted that when a murder is committed in the course of a robbery the death penalty, in the absence of mitigating circumstances, is, to say the least, not viewed with disfavor by the law: *Commonwealth v. Harris*, 314 Pa. 81, 85, 171 A. 279, 281; cf. *Commonwealth v. Ritter*, 13 D. & C. 285, 292.

Defendant produced evidence that a neuropsychiatrist of the Municipal Court, in an examination made in 1941, had reported him as being "mentally defective of about high moron grade"; that a psychologist at the Eastern Penitentiary, in an examination made shortly before the trial, had found his mental age to be 12 years; and that he had left school at the age of 16 when he was in the eighth grade of the special school which he had been attending. On the basis of this testimony his counsel presented to the court several points for charge to the effect that, in regard to the question of the penalty, the jury must consider the evidence tending to establish that defendant had a low-grade mentality that might affect his conduct; that intoxication sufficient to deprive the mind of the power to deliberate and premeditate was a mitigating circumstance which should also

be considered in that connection; and that, in general, the law recognized the theory of diminished responsibility, so that, if defendant's state of mind was such as to deprive him of the consciousness of his acts or his freedom of action, the punishment of the crime should be reduced. The court refused to read these points to the jury and this constitutes defendant's principal complaint on the present appeal.

It is, of course, true that the jury is entitled to be informed of all the circumstances and conditions properly to be regarded as relevant to the determination of the penalty; therefore it has been held that testimony concerning the mental incapacity of a defendant charged with murder, even though short of insanity, is admissible for that purpose: *Commonwealth v. Stabinsky,* 313 Pa. 231, 169 A. 439; *Commonwealth v. Hawk,* 328 Pa. 417, 421, 422, 196 A. 5, 7. It is also true that a trial judge *may,* if he so desires, and subject to the jury's sole power of ultimate decision, point out to them in his charge facts which, in his opinion, bear upon the question of the penalty. Furthermore it is clear that if the court in the present instance *had* entered upon such a discussion and *had* discussed with the jury some of the elements to be considered by them in that connection, it would have been reversible error to refuse to instruct them, as requested, that they should also take into consideration the elements of intoxication and mental weakness. Since, however, the trial judge said nothing whatever on the subject, the question arises whether, in view of that fact, he was obliged to affirm the points presented by counsel.

It is our opinion that the court was not so obliged. The statute intrusts the matter of the penalty to the absolute discretion of the jury. It provides no fixed arbitrary standards regulating the exercise of that discretion: *Commonwealth v. Hawk,* 328 Pa. 417, 419, 196 A. 5, 6. It does not indicate the kind or nature of the factors which should be taken into consideration. Indeed, the question being one purely of penology, there is

room for a wide diversity of opinion even as to the object to be accomplished through the choice of the one sentence or the other,—whether it be to punish the offender, to give opportunity for his reformation, to protect the public against his commission of further crimes, to act as a deterrent to others, or for some or all of these purposes combined; (see *Commonwealth v. Ritter*, 13 D. & C. 285). Under such circumstances the court should certainly not be *compelled* to discuss the question of the penalty at all. It is obvious that if, in the present case, the trial judge had affirmed the points presented by counsel and instructed the jury to consider defendant's intoxication and mental incapacity as mitigating circumstances in fixing the penalty, he would have been obliged to discuss the entire subject at much greater length, for otherwise the effect would have been to present to the jury only one of a multitude of possibly relevant factors and thereby to invest that one with a disproportionate measure of significance.

Judgment and sentence affirmed.