WILLIAM S. HOLLAND *vs.* ADELARD A. LAVIGNE *et ux.*

FEBRUARY 27, 1959.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

POWERS, J.  This bill in equity for specific performance of a contract was brought by the complainant to compel the respondents to accept the conveyance of a parcel of real estate located in the city of Pawtucket. Following a hearing in the superior court on bill and answer, the trial justice entered a decree denying and dismissing the bill of complaint. The cause is before us on the complainant's appeal from such decree.

The complainant has appealed on the usual grounds that the decree is against the law, against the evidence and the weight thereof, and further that "considering complainant's title as disclosed by the record in said cause, said decree indicates abuse of discretion on the part of the trial justice."

The pleadings disclose that on June 20, 1957 complainant and respondents entered into a written agreement whereby complainant agreed to sell and respondents to buy a certain parcel of real estate located on the westerly side of Garden street in the city of Pawtucket. In the memorandum of sale complainant agreed to convey by warranty deed a good and marketable title free and clear of all encumbrances. It further appears that when complainant tendered the deed, respondents refused to accept it on the grounds that it did not convey a good and marketable title.

The respondents set forth in their answer four objections to the state of complainant's record title. They contend that these constitute clouds on complainant's title as a consequence of which the warranty deed offered by complainant does not convey a good and marketable title free and clear of all encumbrances.

The complainant originally obtained title to the premises by a conveyance from Anna E. Washington, dated June 13, 1918, which contains the following provisions:

"This indenture, made this 13th day of June 1918 Between Anna E. Washington of Pawtucket, R. I. of

the one part, and William S. Holland of Providence, R. I. my general agent for the management of all my property, of the other part, witnesseth, that the said Anna E. Washington doth grant, sell and convey unto the said William S. Holland, his heirs and assigns the following property, to wit: ****** In Trust to secure to the above described William S. Holland the payment of such sums as have been expended by said William S. Holland for and in behalf of said Anna E. Washington and also for and in behalf of such sums as may be spent in the future in behalf of said Anna E. Washington and for her maintenance and care as may be needed and desired by her.

Provided that if the said Anna E. Washington shall pay to the said William S. Holland upon his demand, all sums then and there due him on account of moneys expended for the maintenance and care of said Anna E. Washington, then this instrument shall be void, else shall remain in full force and virtue."

The respondents contend that this language creates a cloud on complainant's title, and although complainant's contention that the instrument is a mortgage was thought by the trial justice to be probably correct, nevertheless it was his opinion that since the word "mortgage" did not appear it was subject to judicial construction and therefore must necessarily be resolved by this court. This was respondents' third objection as to the validity of complainant's title.

The respondents' fourth objection thereto is founded on the purchase of the premises by complainant from himself as administrator of the estate of Anna E. Washington, who died intestate on June 22, 1918. This conveyance was approved by the probate court in 1957, thirty-nine years later. Her estate had not been closed at that time. The respondents contend that since there was no statutory authority for the purchase by an administrator of the real property of his intestate until long after his appointment, the authority from the probate court in the instant case was without legal force. However, the complainant contends

that this objection is without validity, since the estate was open at the time the probate court was vested with appropriate jurisdiction, and a decree of that court cannot be attacked except on appeal therefrom in due time.

On the view which we take of respondents' first and second objections as to the validity of complainant's title, it is unnecessary to consider their third and fourth objections.

In 1873 the then owner of the premises in question conveyed them to William T. Adams, guardian of the estate of William H. Davis. Three years later in 1876 William A. Davis, presumably William H. Davis, and so assumed by the trial justice, died at the age of sixteen, leaving as his sole heirs two brothers, Everett A. and Frank W. Davis. In 1878 Everett A. Davis conveyed his interest by quitclaim deed to his brother Frank W. Davis, and in 1880 Frank conveyed the premises in question to James Washington and Anna E. Washington, his wife. The record discloses that there was never any conveyance from William T. Adams, guardian of the estate of William H. Davis, or from the heirs of William T. Adams. The respondents' first objection therefore is that the record title of William T. Adams constitutes a cloud on complainant's title.

The respondents' second objection to the state of complainant's title is based on the terms of the conveyance from Frank W. Davis to James and Anna E. Washington. The pertinent language in the conveyance to the Washingtons reads:

"That I the said Frank W. Davis, hereinafter called the grantor for and in consideration of the sum of Three Hundred Dollars to me in hand before the ensealing hereof, well and truly paid by James Washington and Anna E. Washington, his wife, (jointly) of Pawtucket, County and State aforesaid, hereinafter called the grantee, the receipt whereof I do hereby acknowledge * * * "

The significance of that language rests on the inclusion of the word "jointly" in the recitation of the receipt of con-

sideration, and not in the granting or habendum clause. The complainant contends that, notwithstanding this, the deed clearly conveyed a joint tenancy to James and Anna E. Washington. The respondents contend that Anna E. Washington's title to the full fee, as the surviving joint tenant, is clearly open to dispute.

The trial justice in his rescript found for respondents on their contentions that the state of the land records indicating a legal title in the guardian William T. Adams and the uncertainty of the tenancy conveyed to James and Anna E. Washington could reasonably be construed as clouds on complainant's title.

This court follows the well-settled rule that a bill for specific performance raises no question of right but is a prayer for relief addressed to the judicial or sound discretion of the court. *Ball* v. *Milliken*, 31 R. I. 36.

The complainant's fourth reason of appeal, "That, considering the Complainant's title as disclosed by the record in said cause, said Decree indicates abuse of discretion on the part of the trial justice," is in the nature of the case all-embracing, for if the trial justice were in error as to the law and the facts, or his decision could not be supported by the record, it would follow that both the decision and the decree were not in the exercise of judicial discretion.

The complainant argues that conceding the state of the land records to be such as to indicate a legal title in the guardian William T. Adams, nevertheless the open and adverse possession by the Washingtons and complainant for more than seventy-seven years effectively bars any claim by the heirs or devisees of Adams, citing *Astle* v. *Card*, 52 R. I. 357, *City of Providence* v. *Devine*, 58 R. I. 204, and *Daniels* v. *Blake*, 81 R. I. 103. These cases were respectively an action of trespass and ejectment, a bill in equity in the nature of interpleader, and a bill in equity to enjoin respondent from interfering with complainant's right in an allegedly public way. Each of them by the very nature

of its cause squarely raised the issue of adverse possession. Our attention has not been called to any case, nor have we found any, where in a bill for specific performance the trial justice resolved a question of title by adverse possession. In his rescript in the instant case the trial justice acknowledges that in a proper proceeding complainant might conceivably quiet his title by a showing of adverse possession, but pertinently inquires as to whether or not it can be reasonably said that respondents might not be put to the expense of litigation. We cannot agree that the trial justice was unreasonable in this regard.

The respondents' second objection is to complainant's contention that the conveyance to James and Anna E. Washington in 1880 created a joint tenancy. This claim is open to question. Counsel for complainant argues that the intent of section 1 of chapter 161 of the general statutes of 1872, which was the statute prevailing in 1880, and the decision of this court in *Hayes* v. *Siple,* 65 R. I. 508, are conclusive of the issue, and that the trial justice misconceived the law in finding that the deed from Frank W. Davis conveyed a tenancy in common.

The pertinent language of sec. 1, chap. 161, is as follows:
"All gifts, grants * * * which shall be made to two or more persons, whether they be husband and wife or otherwise * * * shall be taken, deemed, and adjudged to be estates in common and not in joint tenancy; unless it is or shall be therein expressly said that the grantees, feoffees, or devisees shall have or hold the same lands, tenements, or hereditaments, as joint tenants or in joint tenancy, or to them and the survivors or survivor of them; or unless other words be therein used manifestly showing it to be the intention of the parties to such gifts, grants * * * shall vest and be holden as joint estates, and not as estates in common."

In *Hayes* v. *Siple* this court construed as language manifestly creating a joint tenancy the following: "Know all Men by these Presents, that *I, Herbert E. Bourne* . . . hereinafter called the Grantor in consideration of *Ten Dollars*

*($10)* Dollars, to *me* paid by *Edward T. Hayes,* and *Sylvia A. Hayes—wife of Edward T. Hayes, as* Joint Tenants *and not as tenants in common;*—hereinafter called the Grantees, the receipt whereof is hereby acknowledged, do hereby give, grant * * *."

The complainant contends that in the *Hayes* case, as in the conveyance from Frank W. Davis to James and Anna E. Washington, the significant language appears in the recitation of the consideration and not in the granting or habendum clause and argues that the circumstances are controlling in the instant cause. Without passing upon the construction which the trial justice gave to the Frank W. Davis conveyance, we are of the opinion that the two instruments are clearly distinguishable. It is difficult to conceive what meaning could be given to the words "as Joint Tenants and not as tenants in common" wherever they appear, other than that they manifest an intention to create a joint tenancy and not a tenancy in common. It is the clear manifestation of the language that is controlling and not primarily where the language appears.

The trial justice was not required to construe the Davis conveyance as a tenancy in common in order to deny complainant's prayer for specific performance and he did not do so. All that was necessary for the exercise of his judicial discretion not to grant specific performance was a determination that the language on which complainant relied did not clearly manifest an intention by the parties to create a joint tenancy.

The trial justice in his rescript points out that the mere word "jointly" appearing after the recitation of consideration could mean either that the consideration was paid jointly by the grantees or was intended to create a joint tenancy. We cannot say that the uncertainty expressed by him is unreasonable and that his decision in favor of respondents on this question was an abuse of discretion.

The complainant's appeal is denied and dismissed, the

decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Corcoran, Foley & Flynn, Joseph F. Flynn,* for complainant.

*Shannahan & Cunningham, James M. Shannahan, Ernest J. Pratt,* for respondents.