## Commonwealth v. Budd, Appellant.

Submitted March 15, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Floyd A. Rauschenberger, Jr.,* for appellant.

*Robert F. Hawk* and *David L. Cook,* Assistant District Attorneys, and *John H. Brydon,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 28, 1971:

On June 25, 1953, appellant was found guilty by a jury of murder in the first degree for his involvement, together with Walter Henderson and Ernest Storch, in the death of Alice Storch, Ernest Storch's wife. On August 3, 1953, appellant was sentenced to life imprisonment. A motion for a new trial was filed with the court on June 30, 1953, but was withdrawn with permission of the court.

On May 7, 1969, appellant filed a petition under the Post Conviction Hearing Act. After a hearing on this petition, appellant was permitted to file a motion for a new trial nunc pro tunc. That motion was denied and the original judgment of sentence reimposed on September 29, 1970. The case now comes to us on direct appeal.

Appellant raises two contentions in support of allegations that he is entitled to a new trial. First, he contends that the Commonwealth introduced a pair of his shoes and a pair of apparently bloodstained trousers which had been seized from his room without a search warrant. However, there is nothing on the record to indicate that the police did not have a search warrant. When the shoes and trousers were offered at trial, appellant specifically objected to their admission solely on the ground that they were not proven to be his property. Later, after it was clearly proven that

the articles were taken from a room rented to appellant, he admitted that the articles belonged to him.

It has long been the rule in this state that where the introduction of evidence is objected to at trial for a specific reason, other reasons are waived and may not be asserted post-trial for the first time. *Commonwealth v. Gordon,* 431 Pa. 512, 246 A. 2d 325; *Commonwealth v. Raymond,* 412 Pa. 194, 194 A. 2d 150 (1963). Since appellant made no objection to the evidence on the grounds that it was seized without a warrant when it was admitted at trial, he cannot object now, even if the record showed (which it does not) that there was no warrant.

Appellant's second reason advanced for why he is entitled to a new trial concerns what he alleges to be the use of tacit admissions which violated his right to remain silent under the Fifth Amendment. It is true that the Commonwealth went to great lengths in its presentation of the case to introduce evidence that Henderson, appellant's partner in the slaying of Mrs. Storch, had made a tape-recorded confession and had re-enacted the crime in the presence of appellant, whose alleged silence in the face of Henderson's statements was said to constitute tacit admissions of their veracity. Since a defendant has the constitutional right to remain silent, evidence of his failure to deny damaging accusations or statements made by his co-conspirators is not admissible against him at trial. *Commonwealth v. Gist,* 433 Pa. 101, 249 A. 2d 351 (1969); *Commonwealth v. Little,* 432 Pa. 256, 248 A. 2d 32 (1968).

However, appellant did not remain silent in response to Henderson's accounts of the crime; he denied them. Furthermore, each time appellant's counsel pointed out to the court appellant's denials, the court granted motions to strike the evidence concerning Henderson's statements. If these were the only occasions when

Henderson's confessions were presented to the jury, we might agree with appellant that merely striking this evidence could not undo the harm that was done appellant's case, for the jury should not have heard this evidence. However, the jury also heard Henderson testify on behalf of the Commonwealth, and his testimony was substantively the same as his statements to which the police had previously testified. After testifying, Henderson was subjected to vigorous cross-examination. Accordingly, if error were committed by the court in not taking stronger action to insure that the jury was not improperly considering testimony by the police as to Henderson's statements, it was harmless error under the rules set forth in *Chapman v. California,* 386 U.S. 18 (1967).

Judgment of sentence affirmed.