J-S66005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN SETTLES, | |
| Appellant | No. 1080 WDA 2014 |

Appeal from the Judgment of Sentence of June 4, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016998-2012

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 12, 2016**

Appellant, John Settles, appeals from the judgment of sentence entered on June 4, 2014.  We affirm.

In 2012, Appellant was arrested and charged with committing a number of sexual offenses against the child-victim, K.W.  In summary, Appellant was accused of repeatedly raping K.W., beginning when K.W. was either four or five years old and lasting until K.W. was nine years old.

Appellant proceeded to a jury trial in March 2014.  At the time, K.W. was 12 years old.  As K.W. testified during the trial, Appellant is her older-brother's uncle and she had known Appellant since she was "real little . . . probably like a baby."  N.T. Trial, 3/11/14, at 36-37.  During her early years, K.W. testified, Appellant acted as if he were her father-figure.  *Id.* at 38.  However, K.W. testified, when she turned four years old, Appellant began to

---

*Retired Senior Judge assigned to the Superior Court.

rape her by inserting his penis into her vagina. *Id.* at 39. Although K.W. did not remember how many times Appellant raped her throughout the years, she testified that Appellant "raped [her] during each and every year between [the] age[s of] four or five to age nine." *Id.* at 57. Moreover, K.W. testified that every time Appellant raped her, Appellant told her that he would kill her if she told anyone what he was doing. *Id.* at 45-46 and 56-57.

Eventually, K.W. told her cousin about Appellant's attacks and, in 2012, the authorities acquired information relating to Appellant's crimes. In response, on November 29, 2012, Dr. Jennifer Wolford of the Children's Hospital of Pittsburgh performed a physical examination of the-then-11-year-old K.W. Dr. Wolford testified that her examination of K.W. revealed "a transection of [K.W.'s] hymen at 6:00 [], which is diagnostic of sexual abuse." *Id.* at 165.

On December 7, 2012, Detective Aprill Campbell of the City of Pittsburgh Police Department's Special Victims Unit interviewed Appellant concerning K.W.'s accusations. During this interview, Appellant denied having any sexual contact with K.W. N.T. Trial, 3/12/14, at 200. Detective Campbell also asked Appellant why K.W. would invent her allegations against him if they were not true. *Id.* at 188. Detective Campbell's testimony on this matter, and Appellant's objection thereto, are at the heart of this appeal and transpired as follows:

[The Commonwealth]: I would like to go through all of those details in the report that you authored in this case from December 7th of 2012.

. . .

What do you – where does the interview go next; what do you cover?

[Detective Campbell]: I remember asking him – this is a question I ask almost every person that I interview for these types of things, if this was not true what would the child's motivation be, why would a child make this up.

[Appellant's Attorney]: Can we approach, Your Honor?

[Trial Court]: You may.

[Thereupon, the following discussion was held at side bar.]

[Appellant's Attorney]: I object to this line of questioning. Even though we have done out-of-court, it is also still asking for the speculation of the witness.

She has no specific special qualifications to offer an opinion on that point.

[Trial Court]: Well, while that may be true, if he actually voiced a motive that he believed she had for this, then I think that would be relevant.

[Appellant's Attorney]: Thank you, Your Honor.

[Thereupon, the discussion held at side bar concluded.]

[Trial Court]: Detective, you may resume the witness stand.

[The Commonwealth]: Detective, you were testifying to the fact that you asked [Appellant] why he thought [K.W.] might have made this up?

[Detective Campbell]: Correct.

[The Commonwealth]: And what was his response?

- 3 -

[Detective Campbell]: At one point, he said he thought maybe [K.W.] was jealous of some of the girlfriends that he did have.

He also said that they hadn't been spending much time together. So he thought maybe [K.W.] was doing this so they could spend more time together, and then another part of the interview, he said that he thought maybe [K.W.'s mother] or her mother had put [K.W.] up to it.

[The Commonwealth]: Did you quote anything he said in reference to [K.W.'s] opinion of him, according to [Appellant]?

[Detective Campbell]: I have to check.

Yeah, I have quotes that he said that [K.W.] had high regard for me.

[The Commonwealth]: And that she would sometimes be jealous of girlfriends?

[Detective Campbell]: Correct.

[The Commonwealth]: Now, you have come up with a timeline of when the abuse occurred at this point in the investigation; isn't that right?

[Detective Campbell]: Correct.

[The Commonwealth]: So was it your understanding that [Appellant] was stating a nine-year-old or younger was jealous of his adult female relationships?

[Detective Campbell]: According to him, correct.

[The Commonwealth]: Why did you ask that question?

[Detective Campbell]: I'm sorry, which question?

[The Commonwealth]: Why did you ask the question, why do you think she made this up?

[Detective Campbell]: First – for several reasons. Sometimes there is a good reason that the person tells me, you know, gives me a good reason that a child has made this up.

Other times, it kind of sort of puts me in the mind frame of the person. I'm interviewing to see what they are thinking about the child.

*Id.* at 185 and 188-191.

Following Detective Campbell's testimony, the Commonwealth rested. Appellant then testified on his own behalf and, during Appellant's testimony, Appellant testified that he never touched K.W. in a sexual manner. **See**, **e.g.**, **id.** at 238.

At the conclusion of trial, the jury found Appellant guilty of two counts of corruption of minors and one count each of rape of a child, indecent assault of a person less than 13 years of age, and endangering the welfare of children.[1] On June 4, 2014, the trial court sentenced Appellant to serve a term of 205 to 410 months in prison for his rape of a child conviction, with no further penalty for his remaining convictions.

Appellant filed a timely notice of appeal. Appellant now raises one claim to this Court:

Was it error for the trial court to permit City of Pittsburgh Police Department Detective Aprill Campbell to testify, over defense objection, that she had asked Appellant [] to explain why the 12-year-old complainant would falsely accuse him of having sexually assaulted her and that he had responded with speculative assertions regarding the

_____

[1] 18 Pa.C.S.A. §§ 6301, 3121(c), 3126(a)(7), and 4304(a), respectively.

complainant's possible rationale for making a false accusation?

Appellant's Brief at 3 (some internal capitalization omitted).[2]

We have explained:

> our standard of review for evidentiary rulings is a narrow one: [w]hen we review a trial court's ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party. A party suffers prejudice when the trial court's error could have affected the verdict.

*Reott v. Asia Trend, Inc.*, 7 A.3d 830, 839 (Pa. Super. 2010) (internal quotations and citations omitted).

"An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-

_____

[2] The trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied and listed the following claim in his Rule 1925(b) statement:

> The trial court erred when it permitted Detective Aprill Campbell to testify to Appellant's speculative response, made in an out-of-court interview, made in response to her question asking for possible reasons why the complainant would make a false accusation of rape.

Appellant's Rule 1925(b) Statement, 11/7/14, at 1 (some internal capitalization omitted).

will or partiality, as shown by the evidence of record." ***Commonwealth v. Cameron***, 780 A.2d 688, 692 (Pa. Super. 2011).

Moreover, under our Rules of Evidence:

> The threshold inquiry with the admission of evidence is whether the evidence is relevant. Unless otherwise prohibited by law, all relevant evidence is admissible; all irrelevant evidence is inadmissible. Pa.R.E. 402. The Pennsylvania Rules of Evidence define[] relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401.

***Commonwealth v. Flamer***, 53 A.3d 82, 88 n.5 (Pa. Super. 2012) (some internal citations omitted).

On appeal, Appellant contends that the trial court erred when it allowed Detective Campbell to testify that, during her December 7, 2012 interview with Appellant, "she had asked Appellant [] to explain why [K.W.] would falsely accuse him of having sexually assaulted her and that he had responded with speculative assertions regarding [K.W.'s] possible rationale for making a false accusation." Appellant's Brief at 3. Initially, we note that Appellant leveled a specific objection to Detective Campbell's testimony at trial, asserting only that the requested testimony was "speculative." ***See*** N.T. Trial, 3/12/14, at 188-189. Therefore, on appeal, Appellant has waived any claim that the trial court erred in admitting Detective Campbell's testimony on grounds that the testimony: was unduly prejudicial; constituted an inadmissible "assessment [of] the credibility of the child witness;" constituted an inadmissible "declaration . . . that young children do

- 7 -

not falsely assert that they have been sexually abused;" or, constituted inadmissible hearsay. *See* Appellant's Brief at 3-25; ***Commonwealth v. Shank***, 883 A.2d 658 (Pa. Super. 2005), *quoting* ***Commonwealth v. Witherspoon***, 392 A.2d 1313, 1314 n.4 (Pa. 1978) ("[w]here a specific objection is interposed, other possible grounds for the objection are waived"); Pa.R.E. 103 ("[a] party may claim error in a ruling to admit . . . evidence only:  . . . if . . . a party, on the record:  (A) makes a timely objection . . . ; and (B) states the specific ground, unless it was apparent from the context").

As to whether the trial court erred when it overruled Appellant's objection on the grounds of speculation, we note that Appellant leveled his objection after Detective Campbell testified:  "I remember asking [Appellant during the December 7, 2012 police interview] – this is a question I ask almost every person that I interview for these types of things, if this was not true what would the child's motivation be, why would a child make this up." N.T. Trial, 3/12/14, at 188-189.  Detective Campbell's testimony on this matter was not, however, objectionable on the grounds of speculation. Indeed, as Detective Campbell testified, Appellant provided an answer to her question – and Appellant's answer (even if Appellant speculated when he provided the answer) was admissible at trial because it constituted a statement made by an opposing party.  Pa.R.E. 803(25)(A).

Stated another way, from the context of the above exchange, it is evident that Detective Campbell was not asked to speculate upon or offer

her opinion as to why Appellant thought K.W. would falsely accuse him. She was simply asked to recount Appellant's response to an inquiry that she posed to Appellant during Appellant's interview.

It is true that Detective Campbell's interview question to Appellant had a dimension of speculation to it, but the detective was not bound by the Pennsylvania Rules of Evidence during her interview with Appellant. Further, the answers given by a suspect during police questioning, even if speculative, may suggest avenues for further investigation, provide a legitimate explanation for why "a child has made this up," or place the detective "in the mind frame of the [defendant]." **See** N.T. Trial, 3/12/14, at 191.

Thus, we conclude that the trial court did not err when it overruled Appellant's objection to Detective Campbell's testimony on the grounds of "speculation." Appellant's claim to the contrary fails.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016