## Commonwealth *v.* Goggans, Appellant.

Submitted April 23, 1973. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Donald C. Marino* and *Marino & Mozenter,* for appellant.

*Albert L. Becker, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 25, 1974:

The appellant, Dennis Goggans, was convicted in a nonjury trial, of second degree murder and conspiracy, for his participation in the stabbing death of James Smith on August 10, 1971, during a fight involving a group of young men from different neighborhoods in Philadelphia. Post-trial motions were denied and the appellant, on October 25, 1972, received a sentence of three to twelve years for the murder and a consecutive two year sentence for the conspiracy. This appeal followed which is an appeal only from the judgment of sentence for second degree murder. The first issue before us is whether the trial court erred in admitting into evidence inculpatory statements made to the police following the appellant's arrest. The appellant alleges that the statements were obtained in violation of his constitutional rights in that he did not knowingly, intelligently, and voluntarily waive his constitutional rights, and he did not voluntarily make his statements. That issue, however, has been waived since no application to suppress the evidence was filed prior to trial.

"If timely application is not made [prior to trial], the issue of the admissibility of [the statements] shall be deemed to be waived." Pa. R. Crim. P. 323(b); *see Commonwealth v. Turra,* 442 Pa. 192, 275 A. 2d 96 (1971).

The second issue before us is whether the evidence was sufficient to sustain the second degree murder conviction. Appellant's argument on this issue is made on the assumption that the inculpatory statements should not have been admitted into evidence. Since the appellant waived his right to object to the admissibility of the statements, we have reviewed the evidence, including the inculpatory statements, and find that the evidence was sufficient to sustain the second degree murder conviction.

Judgment of sentence affirmed.