## Commonwealth *v.* Garnett, Appellant.

Argued May 3, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John R. Merrick,* Public Defender, for appellant.

*Timothy H. Knauer,* Assistant District Attorney, with him *F. Ned Hand* and *Robert S. Gawthrop, III,* Assistant District Attorneys, and *William H. Lamb,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 16, 1974:

A jury convicted appellant of murder in the first degree and sentence of life imprisonment was imposed. Post-trial motions were denied and this appeal followed.* We affirm.

Appellant advances nine grounds for reversal; we find each unpersuasive. First and foremost it is argued that the confession introduced at trial should have been suppressed because involuntarily given. Viewing the totality of the circumstances, however, we are convinced that the confession was the product of "an essentially free and unconstrained choice," *Commonwealth v. Riggins,* 451 Pa. 519, 525, 304 A.2d 473, 476

---

* Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1974).

(1973) (emphasis omitted); *Commonwealth v. Hallowell,* 444 Pa. 221, 225-26, 282 A.2d 327, 329 (1971); see *Blackburn v. Alabama,* 361 U.S. 199, 207-08, 80 S. Ct. 274, 280-81 (1960), and was therefore properly admitted into evidence at trial.

Second, appellant claims that his confession should have been suppressed because it was the product of unnecessary delay between arrest and arraignment. See *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972); see also *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974); *Commonwealth v. Eiland,* 450 Pa. 566, 301 A.2d 651 (1973). The record discloses, however, that appellant was aware of the charges against him and less than three hours after arrest consulted with his lawyers at the police station. In these circumstances the delay in arraignment was not reasonably related to appellant's confession. See *Commonwealth v. Tingle,* 451 Pa. 241, 246-47, 301 A.2d 701, 703-04 (1973).

Third, it is asserted that appellant was denied his right to counsel during the interrogation which preceded his confession. The record reveals that appellant was repeatedly warned of his constitutional rights, including his right to counsel. See *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966). After each warning he continued to answer questions and cooperate with the investigating officers. It is apparent that appellant knowingly and intelligently waived his right to counsel. *Miranda,* supra, at 475, 86 S. Ct. at 1628. *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019 (1938).

We are next urged that appellant's arrest was illegal. The police, however, had information, corroborated by appellant himself, that he was among the last to see the victim alive. Furthermore, just prior to appellant's arrest, the victim's body was found wrapped in a furniture mover's quilt. Police knew that appellant was employed by a moving company. On the basis of these

circumstances known to the police probable cause to arrest existed. *Commonwealth v. Negri*, 414 Pa. 21, 198 A.2d 595 (1964); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304, cert. denied, 375 U.S. 910, 84 S. Ct. 204 (1963).

Appellant's fifth and sixth contentions relate to his allegation that a warrant authorizing a search of his home was illegally issued. The same facts that constituted probable cause to arrest were presented to the magistrate and justified issuance of the search warrant. See *Commonwealth v. Milliken*, 450 Pa. 310, 300 A.2d 78 (1973); Pa. R. Crim. P. 2003.

The seventh assignment of error is the admission of testimony indicating that immediately after the victim's disappearance appellant appeared "nervous," and when he heard the victim's name he "fidgeted." However, this issue was not raised in post-trial motions and will therefore not be considered. *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973); *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972). Furthermore, the trial court specifically invited defense counsel to submit a point for charge on this aspect of the testimony. This counsel failed to do.

Appellant's eighth argument is that the victim's clothing was improperly admitted into evidence. We need note only that admission of this evidence is within the sound discretion of the trial judge. *Commonwealth v. Ford*, 451 Pa. 81, 85, 301 A.2d 856, 858 (1973). Here there was testimony indicating that the victim had been forcibly raped before she was murdered. The trial court did not abuse its discretion in admitting the victim's clothing.

Finally, appellant maintains that the trial court erred in admitting testimony indicating that while in prison awaiting trial appellant made incriminating statements to a detective. However, no objection to this testimony was interposed at trial. It will not be

considered for the first time on appeal. *Commonwealth v. Paquette,* supra; *Commonwealth v. Agie,* supra.

The judgment of sentence is affirmed.