Commonwealth *v.* Showalter, Appellant.

Argued April 15, 1974.   Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Edward F. Browne, Jr.*, Assistant Public Defender, with him *Richard C. Shay*, Public Defender, for appellant.

*James R. Leonard, Jr.*, Assistant District Attorney, with him *D. Richard Eckman*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 20, 1974:

William John Showalter was convicted by a jury in Lancaster County on September 29, 1970, of an indictment containing fifteen counts of burglary and larceny. Following the denial of post-trial motions, a prison sentence of seven and one-half to fifteen years was imposed. On appeal, the Superior Court affirmed the judgment with a "per curiam" order. We granted allocatur and now reverse.

The record discloses Showalter was taken into custody in connection with the crimes about 8 a.m. on May 3, 1970, by police officers acting without a warrant. He was not arraigned before a committing magistrate until some thirteen hours later. During the first eleven hours of custody, Showalter was questioned intermittently about the crimes and denied any knowledge of or guilt therein. Finally, about 7 p.m., he began to incriminate himself and shortly thereafter gave a detailed confession of guilt which was recorded and subsequently used against him as evidence at trial.

Evidentiary use of Showalter's self-incrimination was proscribed under Rule 118 [now 130] Pa. Rules of Criminal Procedure. See *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972), and *Commonwealth v. Williams*, 455 Pa. 569, 319 A.2d 419 (1974).[1] The Commonwealth argues the evidence of self-incrimination was not related to the undue delay in arraignment because during the "delay" the police were gathering evidence with which to confront Showalter during his questioning. To accept this as a legitimate excuse for unnecessarily delaying the arraignment of one charged with crime would be to defeat the salutary purpose of Rule 118. See and cf. *Commonwealth v. Williams*, supra.

Judgment reversed and new trial ordered.

---

[1] The "Futch" issue was not raised in the trial court. However, the admissibility of the evidence of Showalter's incriminating statement was challenged by a pretrial motion to suppress on the ground of coercion and unlawful detention. Also, all proceedings, including the disposition of post-trial motions, were concluded before our decision in *Futch* was filed. Under the circumstances, the issue may properly be raised now. See *Commonwealth v. Wayman*, 454 Pa. 79, 309 A.2d 784 (1973). Moreover, the Commonwealth does not assert otherwise.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

I dissent from the Court's retroactive application of the exclusionary rule first announced in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972), to a confession made almost two years before *Futch* was decided. *See* the dissenting opinion of this writer, joined by Mr. Chief Justice JONES and Mr. Justice EAGEN, in *Commonwealth v. Johnson*, 458 Pa. 425, 327 A.2d 618 (1974). and the opinions cited therein.

Mr. Chief Justice JONES and Mr. Justice EAGEN join in this dissenting opinion.