Commonwealth *v.* Campbell, Appellant.

Submitted March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Michael Bolno* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman, James Garrett, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 11, 1974:

Appellant, David Campbell, was tried and convicted in a non-jury trial of larceny, receiving stolen goods, and possession of burglary tools. Oral post-trial motions were argued and denied. Appellant was sen-

tenced to concurrent terms of five years probation on the bills charging larceny and receiving stolen goods. Sentence was suspended for possession of burglary tools. The instant appeal followed.

The sole issue raised on this appeal is whether the trial court erred in admitting into evidence inculpatory statements made both before and after the appellant's arrest. The appellant contends that his initial inculpatory statement was inadmissible because it was given without his first having received the required Constitutional warnings; and that his second incriminating admission—although preceded by the requisite *Miranda* warnings—was tainted by the prior unwarned statement.

Rule 323(b) of the Pennsylvania Rules of Criminal Procedure, provides, *inter alia,* that if an application to suppress evidence is not filed within the required time limit, "the issue of the admissibility of such evidence shall be deemed to be waived." In the instant case, no application to suppress was filed and, accordingly, the issue of the admissibility of the statements has been waived. See *Commonwealth v. Goggans,* 455 Pa. 606, 317 A.2d 222 (1974); *Commonwealth v. Sasser,* 453 Pa. 622, 309 A.2d 352 (1973); *Commonwealth v. Valle,* 227 Pa. Superior Ct. 191, 323 A.2d 74 (1974); *Commonwealth v. Armor,* 226 Pa. Superior Ct. 529, 323 A.2d 211 (1974). The express language of Rule 323(b),[1] and the necessity of maintaining an efficient and orderly judicial system, require strict compliance with this rule in all but the most limited instances.

Judgment of sentence is affirmed.

---

[1] To further emphasize the necessity of making timely application, the Comment to Rule 323 of the Pennsylvania Rules of Criminal Procedure reiterates that a failure to file in accordance with Rule 323(b) will result in a waiver of the right to suppress.