336 A.2d 260

**COMMONWEALTH of Pennsylvania**

v.

**Andrew GOOSBY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 4, 1974.

Decided April 17, 1975.

230

Michael S. Lipschutz, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMERY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

Appellant was convicted of voluntary manslaughter on May 5, 1972. After post-trial motions were filed and denied, he was sentenced to not less than three nor more than six years' imprisonment. A direct appeal followed, and we affirmed the conviction in *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973).

Although a statement of the appellant, which was both incriminatory and exculpatory, was necessarily accepted into evidence at trial because of the determination of the suppression court,[1] no objection was made in post-trial motions. Consequently, the issue of the admissibility of the confession was waived for purposes of appellate review. *Commonwealth v. Clair*, —— Pa. ——, 326 A.2d 272 (1974); *Commonwealth v. Bittner*, 441 Pa. 216, 272 A.2d 484 (1971). It is that waiver which is the subject of this appeal of the denial of PCHA relief.[2]

1. *See* Pa.R.Crim.P. 323(j), 19 P.S. Appendix.
2. Jurisdiction is based on Section 11 of the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11, and Section 202 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 233, art. II, § 202, 17 P.S. § 211.202.

In his PCHA petition, appellant maintains that the waiver of the issue of the admissibility of the confession constituted ineffective assistance of counsel *on appeal*. However, trial counsel (who also served as counsel on direct appeal) did not waive the issue by neglecting to raise it on appeal; he waived it by failing to object to the introduction of the statement at trial. The waiver *at trial* precluded the assertion of the issue *on appeal*. Thus, in this case, counsel's effectiveness on appeal can only be measured by a consideration of his effectiveness at trial. If counsel had some reasonable basis for his failure to preserve the issue at trial, appellant cannot now complain that the resultant unavailability of the waived issue denied him the effective assistance of appellate counsel. *See Commonwealth v. Nash*, 436 Pa. 519, 521, 261 A.2d 314, 315 (1970), and *Commonwealth v. Snyder*, 427 Pa. 83, 93, 233 A.2d 530, 535 (1967).

In the evidentiary hearing on the issue, trial counsel stated he did not object to the confession because he intended to use the confession affirmatively.[3] Curiously, we note that appellant concedes that this conduct was reasonable.

At trial the Commonwealth had presented two eye-witnesses to the events surrounding the crime. The testimony of those witnesses placed the appellant at the scene and unequivocally inculpated appellant as the perpetrator of the homicide. Although appellant's statement to the police contained an admission that he had shot the victim, it also indicated that he had acted in self-defense or at least in the heat of passion. By acquiescing to the ad-

---

3. Appellant vigorously argues that part of counsel's appellate ineffectiveness was the failure to assert *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972), as a rationale for reversal. For our purposes, however, it is irrelevant that counsel could have asserted *Futch* or any other argument as grounds for reversal. Once it was determined that counsel made a conscious and reasonable choice to use the confession affirmatively, any and all possible grounds upon which the confession might have been suppressed were irretrievably abandoned.

mission of the statement and by using the exculpatory portions of it to rebut or weaken the prosecution's very strong case, counsel had an eminently *"reasonable basis* designed to effectuate [appellant's] interest." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). *See Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973). Although other reasonable courses might have been chosen, counsel's particular election of strategy does not lead to the conclusion that his choice constituted ineffective assistance at trial. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. at 604–05 and 605 n. 8, 235 A.2d 352–53 and 353 n. 8. On the contrary, his strategy was very effective. Appellant was convicted of voluntary manslaughter rather than a degree of murder. Since counsel had a reasonable basis for his chosen course of action at trial, the resultant waiver of the issue cannot constitute ineffective assistance of counsel on appeal.

Order affirmed.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Justice (concurring).

The admission of appellant's statement of trial could not be assigned as error on appeal because that issue was not raised in post-verdict motions. Therefore, I agree with the majority that appellate counsel's failure to present that issue does not constitute ineffective assistance of appellate counsel. The PCHA court properly denied appellant's petition for post conviction relief.

The other issues discussed by the majority were not advanced by the appellant as grounds for reversal of the PCHA court's order and I would therefore not reach them.