378 A.2d 297

COMMONWEALTH of Pennsylvania, Appellee,

v.

Henry GASTON, Appellant.

Supreme Court of Pennsylvania.

Argued March 8, 1977.

Decided Oct. 7, 1977.

John M. Grubor, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Charles W. Johns, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

■

## OPINION OF THE COURT

EAGEN, Chief Justice.

■ On January 27, 1973, appellant, Henry Gaston, was convicted by a jury of murder of the first degree. No post-verdict motions were filed and on February 8, 1973, a sentence of life imprisonment was imposed. No direct appeal was taken, but on June 17, 1974, Gaston filed a petition for relief under the Post-Conviction Hearing Act (PCHA), Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. After a post-conviction hearing, the PCHA court concluded that, despite Gaston's desire to have his conviction reviewed, trial counsel failed to initiate an appeal on his behalf. Accordingly, the court entered an order on December 17, 1975, granting Gaston leave to file post-verdict motions nunc pro tunc, but otherwise denying relief.[1] Post-verdict motions were filed nunc pro tunc, but these motions were denied April 1, 1976. Gaston filed an appeal in this Court from the PCHA court's order of December 17, 1975. He also filed a direct appeal following the April 1st denial of his post-verdict motions. These appeals were consolidated and are now before us for decision.

Gaston advances numerous assignments of error in support of reversal and the grant of a new trial. Primarily, he contends his trial counsel was ineffective for failing to file suppression motions with respect to several items of alleged-

---

1. It is clear from the order of the PCHA court and the opinion in support of that order Gaston's other asserted bases for post-conviction relief were considered and rejected. Once again, we register our disapproval of such procedure and point out that

"where a post-conviction court determines that a petitioner is entitled to a direct appeal, no decision should then be made on other bases alleged therein for post-conviction relief . . . . This procedure is preferable since it allows all of the complaints that may be raised to be disposed of in one action."

*Commonwealth v. Webster*, 466 Pa. 314, 319, 353 A.2d 372, 374 (1976).

However, we need not further concern ourselves with this procedural flaw. Gaston's appeals have been consolidated and since he advances essentially the same assignments of error in his collateral attack as he does on direct appeal, corresponding claims of error asserted in both appeals may be considered together.

ly inadmissible evidence. We agree trial counsel was ineffective for failing to file a motion to suppress an incriminating oral statement made by Gaston on the ground the statement was the product of an unnecessary delay between arrest and arraignment.[2] Pa.R.Crim.P. 122 (formerly 116); *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). Therefore we reverse and grant Gaston a new trial.[3]

■ At trial the Commonwealth introduced evidence of an oral incriminating statement made by Gaston while in police custody. Detective Fred Cooper testified Gaston made this statement [hereinafter the Cooper statement] on March 30, 1972, shortly after 7:18 a. m. Gaston asserts the Cooper statement was inadmissible as the product of an unnecessary delay between arrest and arraignment. Pa.R. Crim.P. 122 (formerly 116); *Commonwealth v. Futch*, supra. He further argues trial counsel was ineffective for failing to file a motion to suppress on that ground.[4]

■ The standard for determining whether counsel was ineffective was articulated in *Commonwealth ex rel. Wash-*

2. In view of our disposition of this issue, we do not address Gaston's claim that trial counsel was ineffective for failing to file a motion to suppress this statement on the ground it was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

 Nor do we address Gaston's other remaining assignments of error, including those claims of ineffectiveness relating to trial counsel's failure to file motions to suppress the murder weapon, evidence concerning the recovery of the murder weapon, and several out-of-court identifications.

3. An independent examination of the record establishes the evidence was sufficient to sustain the jury's verdict.

4. Of course, since no pretrial suppression motion was filed and no objection raised at trial, the underlying claim of inadmissibility has been waived. *Commonwealth v. Johnson*, 467 Pa. 146, 354 A.2d 886 (1976); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Broaddus*, 458 Pa. 261, 342 A.2d 746 (1974); *Commonwealth v. Goggan*, 455 Pa. 606, 317 A.2d 222 (1974); PCHA, supra, § 4(b), 19 P.S. § 1180–4(b); Pa.R.Crim.P. 323(b). Thus, we will not consider the claim on its merits, but rather only in the context of resolving the question of ineffective representation. *Commonwealth v. Hubbard*, Pa., 372 A.2d 687 (1977).

*ington v. Maroney,* 427 Pa. 599, 604–605, 235 A.2d 349, 352–353 (1967):

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." [Emphasis in original] [Footnote omitted.]

However, before inquiring into the basis for trial counsel's failure to file a suppression motion, we must determine whether the claim which counsel is charged with failing to pursue was a frivolous one. See *Commonwealth v. Humphrey,* 473 Pa. 533, 375 A.2d 717 (1977); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

The relevant facts underlying Gaston's claim of inadmissibility with respect to the Cooper statement are as follows: On March 27, 1972, at approximately 10:30 p. m., Barbara Lippman, a waitress, was fatally shot during a robbery at the Eat 'N Park Restaurant, 8500 Frankstown Avenue, Pittsburgh. Gaston was arrested at approximately 3:30 a. m. on March 28, 1972; he was taken to the Public Safety Building, where he was placed in a lineup and later released. He was rearrested at approximately 1:30 p. m. the following day, March 29, 1972. The police informed Gaston he was being charged with murder and returned him to the Public Safety Building. At approximately 2:00 p. m. he was advised of his constitutional rights and executed a pre-interrogation warning form. At this time Gaston denied any involvement in the crime. At approximately 2:45 p. m. Gaston received a brief telephone call from Attorney David Lichtenstein, who instructed Gaston to remain silent until someone from Lichtenstein's office arrived. Subsequent to this telephone call, Gaston informed the police he wanted to remain silent until his attorney arrived. He was then taken

to a holding cell. At approximately 8:00 p. m. Gaston was placed in a lineup for identification. In preparation for this lineup, Gaston was again advised of his constitutional rights by Detective Warren Walton. Walton learned at that time Gaston was to be represented by Lichtenstein, but that Lichtenstein was unable to attend the lineup. Walton subsequently learned another attorney, one Carl Blanchfield, was in the building and, as a "precautionary measure", asked Blanchfield to represent Gaston at the lineup. Blanchfield assented and the lineup was conducted, after which Gaston was returned to detention.

On March 30, 1972 at approximately 7:18 a. m., Gaston was taken to an office in the Homicide Division by Detectives Cooper and Freeman. The detectives advised Gaston of his constitutional rights and asked him to tell them the truth about his part in the crime; furthermore, the detectives told Gaston the reason for questioning him was "that we had taken a taped statement from Darrell Gordon [Gaston's co-defendant]." Gaston then requested to hear the tape. The police played a portion of the Gordon tape, after which Gaston made the incriminating Cooper statement admitting he actively participated in the robbery. After this interrogation, Gaston was apparently returned to his cell. He was finally arraigned at 4:30 p. m.

The record thus establishes that a period of eighteen (18) hours elapsed from the time Gaston was arrested until he made the incriminating Cooper statement without having been arraigned. Gaston was initially unwilling to admit involvement in the crime, but during the eighteen-hour delay attendant to his detention he was twice interrogated and placed in an identification lineup as well. See *Commonwealth v. Lasch*, 464 Pa. 259, 346 A.2d 547 (1975); *Commonwealth v. Cullison*, 461 Pa. 301, 336 A.2d 296 (1975); *Commonwealth v. Showalter*, 458 Pa. 659, 328 A.2d 841 (1974); *Commonwealth v. Parker*, 458 Pa. 381, 327 A.2d 128 (1974); *Commonwealth v. Sanders*, 458 Pa. 281, 327 A.2d 43 (1974); *Commonwealth v. Cherry*, 457 Pa. 201, 321 A.2d 611 (1974); *Commonwealth v. Williams*, 455 Pa. 569, 319 A.2d 419 (1974);

*Commonwealth v. Dixon,* 454 Pa. 444, 311 A.2d 613 (1973); *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973); *Commonwealth v. Dutton,* 453 Pa. 547, 307 A.2d 238 (1973); *Commonwealth v. Tingle,* 451 Pa. 241, 301 A.2d 701 (1973); *Commonwealth v. Futch,* supra.[5] Moreover, there is no indication Gaston's brief contact, prior to making the incriminating statement, with Lichtenstein or with the attorney who appeared at the lineup by police request was anything more than superficial. Compare *Commonwealth v. Garnett,* 458 Pa. 4, 326 A.2d 335 (1974). On this record, a claim of inadmissibility based on unnecessary delay between arrest and arraignment cannot be said to be frivolous. Hence, we cannot dismiss Gaston's claim of ineffectiveness on the ground a motion to suppress would have been futile.[6] See *Commonwealth v. Hubbard,* supra; *Commonwealth v. Nole,* 461 Pa. 314, 336 A.2d 302 (1975); *Commonwealth v. Boyd,* 461 Pa. 17, 334 A.2d 610 (1975); *Commonwealth v. Jackson,* 239 Pa.Super. 121, 362 A.2d 324 (1976); *Commonwealth v. Hill,* 231 Pa.Super. 371, 331 A.2d 777 (1974).

Having determined that trial counsel failed to pursue a nonfrivolous claim, we must next examine the record to determine if a reasonable basis existed to justify the omission because such a failure alone does not necessarily constitute ineffective representation. *Commonwealth v. Humphrey,* supra. For example, similar ineffectiveness claims have been rejected where the subject evidence did not contradict the defense theory presented to the jury, see *Commonwealth v. Nash,* 436 Pa. 519, 261 A.2d 314 (1970);

**5.** Compare *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301, 306 (1977) in which we announced a rule, adopted pursuant to our supervisory power, that

"[i]f the accused is not arraigned within six hours of arrest, any statement obtained after arrest but before arraignment shall not be admissible at trial."

This rule became effective May 16, 1977.

**6.** While the author of this opinion continues to adhere to the view that *Commonwealth v. Futch,* supra, should not be retroactively applied, the majority of the Court is of the contrary view. See, e. g., *Commonwealth v. Cullison,* supra; *Commonwealth v. Showalter,* supra; *Commonwealth v. Cherry,* supra; *Commonwealth v. Dixon,* supra; *Commonwealth v. Dutton,* supra.

*Commonwealth v. Jackson,* supra, or where counsel sought to use the subject evidence affirmatively, see *Commonwealth v. Goosby,* 461 Pa. 229, 336 A.2d 260 (1975), or to otherwise take strategic advantage of the evidence, see *Commonwealth v. Snyder,* 427 Pa. 83, 233 A.2d 530 (1967); *Commonwealth ex rel. Sprangle v. Maroney,* 423 Pa. 589, 225 A.2d 236 (1967). The instant record, however, is barren of any such explanation that might support the conclusion that trial counsel's decision had "some reasonable basis designed to effectuate [Gaston's] interests." [7] *Commonwealth ex rel. Washington v. Maroney,* supra.

Since a claim of inadmissibility with respect to the Cooper statement predicated on a theory of unnecessary delay between arrest and arraignment has not been established on this record to be frivolous, and since no strategic reason has been offered to explain trial counsel's failure to pursue this claim, we must therefore conclude trial counsel was ineffective in this regard.

Accordingly, the order of the PCHA court is vacated, the judgment of sentence is reversed and the case is remanded for a new trial.

ROBERTS, J., joins in this opinion and filed a concurring opinion.

ROBERTS, Justice, concurring.

I agree with the majority that trial counsel was ineffective for failing to file a motion to suppress an incriminating oral statement made by appellant which was the product of an unnecessary delay between arrest and arraignment.

Ordinarily, when this Court finds that trial counsel was ineffective for failing to file a motion to suppress, we need do no more than order a suppression hearing. Here, however, we have before us all the facts of record necessary to

7. As the only support for his failure to file a motion to suppress the Cooper statement on the ground of unnecessary delay, trial counsel offered at the PCHA hearing the naked conclusion that he did not feel such a motion would have been successful. As the foregoing discussion makes clear, however, we do not find the underlying claim to be frivolous and thus, trial counsel's explanation is inadequate.

226

decide the issue, which has been thoroughly briefed and argued. It is clear the suppression motion would be successful. Therefore, in the interest of judicial economy, it is appropriate to proceed to the merits of appellant's claim. See *Commonwealth ex rel. Smith v. Myers*, 438 Pa. 218, 261 A.2d 550 (1970); *Commonwealth v. Gist*, 433 Pa. 101, 249 A.2d 351 (1969).

Because appellant's in-custody oral statement should have been suppressed as the product of an unnecessary delay between arrest and arraignment, see Pa.R.Crim.P. 122 (formerly 116); *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972), I agree that judgment of sentence should be reversed and a new trial granted.