430 A.2d 1168

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Lawrence THORNTON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 20, 1981.

Decided July 2, 1981.

Andrew J. Gowa, Frederica Massiah-Jackson, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist., Atty., Richard Myers, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

After a non-jury trial, appellant, Lawrence Thornton, was convicted of voluntary manslaughter[1] and possession of an instrument of crime.[2] Post-trial motions were denied, and appellant was sentenced to a term of four to ten years imprisonment on the voluntary manslaughter conviction and to a concurrent term of two and one-half to five years

---

1. Act of June 24, 1939, P.L. 872, § 703, 18 Pa.C.S.A. § 2503.

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 907.

imprisonment for possession of an instrument of crime. An appeal was taken directly to this Court from the judgment of sentence imposed for the voluntary manslaughter conviction and to the Superior Court from the judgment of sentence imposed for possession of an instrument of crime.[3] The latter appeal has been certified to this Court.

On the night of April 1, 1978, appellant was in the company of a group of teenagers who were gathered on the 2100 block of Homer Street in Philadelphia. Kevin Riley ("Riley"), the deceased, and another young man approached the group on bicycles, and Riley began teasing appellant about his appearance. In response, appellant made a derogatory remark. Riley then got off his bicycle and approached appellant, who backed away. After a short continuation of the verbal confrontation beyond the hearing of others present at the scene, Riley pushed appellant. Suddenly, appellant withdrew a knife which he had concealed in his trousers and stabbed Riley, who was unarmed, twice in the chest, causing his death. Appellant was arrested and charged with murder, voluntary manslaughter and possession of an instrument of crime.

## I

Appellant first contends that he was precluded from presenting an effective claim of self-defense at trial by the court's refusal to admit testimony concerning Riley's reputation in the community for strength and prowess as a fighter. This claim was not raised in post-trial motions, however, and thus has not been preserved for consideration on appeal. *Commonwealth v. Webster*, 490 Pa. 322, 416 A.2d 491 (1980); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Garnett*, 458 Pa. 4, 326 A.2d 335 (1974). Moreover, appellant's theory of self-defense was expressly abandoned during trial.[4]

---

3. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 722(1).

4. The following exchange took place between the court and defense counsel:

## II

■ Appellant next maintains that the evidence was insufficient to convict him of possession of an instrument of crime. Specifically, he alleges that the Commonwealth failed to prove that he intended to use the knife, which he admittedly had concealed in his trousers, for a criminal purpose.[5] We disagree.

In considering a challenge to the sufficiency of the evidence, we must view the record in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the factfinder could properly have based its verdict. *Commonwealth v. Davis*, 491 Pa. 363, 421 A.2d 179 (1980); *Commonwealth v. Helm*, 485 Pa. 315, 402 A.2d 500 (1979); *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979); *Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d 397 (1978); *Commonwealth v. Rose*, 463 Pa. 264, 344 A.2d 824 (1975).

Viewed in this light, the evidence demonstrated that appellant was carrying a knife wrapped in a newspaper and concealed in his trousers; that Riley, who was unarmed, had teased and pushed him; and that he intentionally stabbed

THE COURT: ... Now is it your position that [appellant] acted in self-defense?
DEFENSE COUNSEL: No, Your Honor. The position is that it was voluntary manslaughter.
THE COURT: All right, so we can rule out self-defense and confine ourselves to analysis of voluntary manslaughter.
DEFENSE COUNSEL: Yes, Your Honor.
(N.T. 228–29)

5. Section 907 of the Crimes Code provides in pertinent part:
   A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.
   18 Pa.C.S.A. § 907(a).
   An instrument of crime is defined as:
   anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.
   18 Pa.C.S.A. § 907(c)(2).

Riley in the chest, killing him.[6] Once the Commonwealth proved that appellant was carrying a concealed knife with which he intentionally stabbed his unarmed victim, the factfinder properly could conclude beyond a reasonable doubt that appellant *intended* to use the knife criminally. *See Commonwealth v. Davis, supra,* (evidence that defendant intentionally shot and killed unarmed victim without provocation was sufficient to sustain convictions for first degree murder and for possession of an instrument of crime); *Commonwealth v. Cartagena,* 482 Pa. 6, 393 A.2d 350 (1978) (evidence which established that defendant intentionally stabbed and killed victim with a knife during a fight was sufficient to support convictions for voluntary manslaughter and possession of an instrument of crime); *Commonwealth v. Allen,* 466 Pa. 474, 353 A.2d 452 (1976) (evidence that, during the course of a violent domestic quarrel, defendant armed himself with a knife and, immediately thereafter, fatally stabbed his wife was sufficient to prove that he intended to employ the knife criminally); *see also Commonwealth v. London,* 461 Pa. 566, 337 A.2d 549 (1975) (factfinder properly could conclude that defendant possessed the unlawful and malicious intent required to convict him of carrying a concealed deadly weapon from Commonwealth's evidence that he intentionally fired a pistol, which had been concealed in his waistband, at a vital part of the victim's body). Accordingly, we conclude that the record amply supports appellant's conviction of possession of an instrument of crime.

The judgments of sentence are affirmed.

**6.** Earlier on the day of the stabbing, appellant was observed by one of his own witnesses practicing the technique of drawing the concealed knife from the rolled up newspaper.