446 A.2d 1290

**COMMONWEALTH of Pennsylvania,**

v.

**Henry BOYD, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed June 18, 1982.

540

Richard A. Umbenhauer, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and LIPEZ, JJ.

CERCONE, President Judge:

This is an appeal from an order dismissing without a hearing appellant's *pro se* petition requesting relief under the Post Conviction Hearing Act (PCHA).[1]

On January 26, 1978 appellant was found guilty by a jury of his peers of criminal attempt to commit first degree murder. He was represented at trial by one Harold W. Budding. Post-verdict motions were timely filed by appellant's trial counsel. Appellant then filed a *pro se* PCHA petition, which was dismissed by the court without a hearing, but appellant was appointed new counsel, one Robert A. Longo, who was directed by the court to aid appellant in developing his ineffectiveness claim. Subsequently, with the advice of his new counsel, appellant requested and the court granted him the right to withdraw the post-verdict motions filed by trial counsel. Thereafter, appellant was sentenced to four to eight years imprisonment. Following the imposition of sentence appellant filed a second PCHA

1. Act of June 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. §§ 1180–1 et seq., *repealed* § 2(a) [1397] of the Act of April 28, 1978, P.L. 202, No. 53, *reinstated* and *continued* by the Act of June 26, 1981, No. 41, § 1; effective through June 26, 1982.

petition *pro se*. Once again the court appointed Robert Longo to aid appellant. The court also issued a rule to show cause why a hearing should not be held on appellant's petition. The Commonwealth answered and the court dismissed appellant's petition without a hearing; no amended petition had been filed. Appellant took no appeal from the dismissal of his second PCHA petition. Appellant later filed a third *pro se* PCHA petition, alleging with some specificity the ineffectiveness of both Budding and Longo, and requesting the appointment of counsel to aid him in ferretting out prior counsels' ineffectiveness. The court did not comply with appellant's request but dismissed the petition without a hearing. Appellant filed a timely *pro se* appeal to this Court, and we appointed appellant's present counsel.

Appellant now argues that both Mr. Budding and Mr. Longo ineffectively represented him, that he has not knowingly and intelligently waived the merits of his ineffectiveness claims, and that it was error for the lower court to dismiss his third *pro se* PCHA petition without first appointing counsel and conducting a hearing. Our polestar and guiding light in reviewing claims of ineffective assistance of counsel is the time honored case of *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), where the Supreme Court stated:

> Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.

*Id.*, 429 Pa. at 604, 235 A.2d at 352. The Supreme Court elaborated the *Maroney* standard in *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). It stated there:

> In *Maroney* we noted that "a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8. Because counsel does not forego an alternative which offers a substantially greater potential for success when he fails to assert a baseless claim,

counsel cannot be found to have been ineffective for failing to make such an assertion. See e.g., *Commonwealth v. Nole*, 461 Pa. 314, 336 A.2d 302 (1975); *Commonwealth v. Harrison*, 228 Pa. Superior Ct. 42, 323 A.2d 848 (1974); cf. *Commonwealth v. Goosby*, 461 Pa. 229, 336 A.2d 260 (1975); *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974). It is only when the claim which was foregone was of arguable merit that we must make an inquiry into the basis for . . . counsel's decision not to pursue the matter. Thus the starting point of our inquiry is whether there were reasonable grounds upon which to advance the . . . claims which were not advanced. . . .

*Id.*, 472 Pa. at 277–278, 372 A.2d at 695. The initial factor we must consider is whether there is any arguable merit in the positions appellant now asserts, for it is axiomatic that counsel will not be deemed ineffective for failure to assert a baseless claim. See *Commonwealth v. Gray*, 473 Pa. 424, 374 A.2d 1285 (1977); *Commonwealth v. Payton*, 253 Pa. Superior Ct. 422, 385 A.2d 410 (1978); *Commonwealth v. Hawkins*, 240 Pa. Superior Ct. 56, 362 A.2d 374 (1976). If we find that the contention is of arguable merit then we must proceed to determine whether the course of action followed by counsel had some reasonable basis designed to effectuate his client's interests. See *Commonwealth ex rel. Washington v. Maroney*, supra.

■ Appellant contends that Mr. Budding was ineffective in his preparation of the case for trial, as well as in his conduct at trial. Appellant claims that Mr. Budding's pretrial preparation consisted solely of a five-minute conversation with his client. There appears to be some support for this factual claim in the trial record. Appellant also contends that Mr. Longo was ineffective in his handling of appellant's post-verdict motions and the subsequent PCHA petition. The record clearly indicates that Mr. Longo filed no amended PCHA petition following his appointment as PCHA counsel, nor is there any indication in the record as it now stands, that Mr. Longo took any action whatsoever. Based on the scanty record before us we cannot say that these were baseless claims.

The Commonwealth contends that even if appellant's claims are of arguable merit they have been waived. We disagree. It has been clear for some time that the ineffectiveness of counsel constitutes an extraordinary circumstance justifying an appellant's failure to raise an issue and thus vitiate the effect of the waiver rule. See *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980); *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973). Appellate counsel has argued that prior counsel's ineffectiveness constituted such extraordinary circumstances and that thus appellant has not waived the issues. It is true that appellant did not himself allege lack of voluntary waiver based on his counsel's ineffectiveness, but we cannot fault him for that because the PCHA petition was, after all, uncounselled. Moreover, appellant specifically requested the appointment of counsel to help him flesh out his PCHA claims. Clearly, the lower court erred when it dismissed appellant's third PCHA petition without first appointing counsel or conducting a hearing. See *Commonwealth v. Watlington, supra.* Accordingly, we reverse and remand the case with instructions to appoint counsel to represent appellant in the filing of an amended petition, and any further proceedings appropriate thereon.

Reversed and remanded with instructions.

Jurisdiction of this Court is not retained.