450 A.2d 716

**COMMONWEALTH of Pennsylvania**

v.

**Raymond James WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 28, 1981.

Filed Sept. 24, 1982.

352

John H. Corbett, Jr., Assistant Public Defender, Pittsburgh, for appellant.

Stella L. Smetanka, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, HESTER and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the denial of defendant's post conviction petition by the Court of Common Pleas of Allegheny County. The defendant had been convicted by a jury of voluntary manslaughter relative to the

death of Shahonda Jackson, a minor child for whom he was babysitting.

On January 21, 1976 the defendant took the decedent to Mercy Hospital where she died. Officers Holliday and Lucia were present at the hospital at the time the defendant brought the child there. The officers were there on an unrelated matter. While at the hospital the officers learned from hospital personnel that the child had died under unnatural circumstances. They then reported the death to the homicide section of the police department and homicide officers were dispatched to the scene.

After they had reported the situation to the homicide department, the defendant approached the Officers and asked for a light for his cigarette. He was in a visably shaken condition at the time. The defendant then began to tell Officer Holliday about his involvement in the child's death. The officer then asked the defendant, "Do you want to talk about it?" The defendant answered "Yeah". He was then taken by the officers to a small room where he was questioned about the incident. During the questioning, the defendant admitted that the child had fallen down the steps because he had "spanked her too hard". During the questioning the homicide detective arrived at the hospital. The defendant was then taken to the scene of the child's injuries and questioned further about the incident.

■ At trial the defendant's attorney never moved to suppress the defendant's admissions relative to his involvement in the child's death. His admissions were a crucial part of the Commonwealth's case against him. He now claims that his counsel was ineffective in failing to move to suppress the aforesaid admissions on the grounds that he had not been provided with *Miranda* Warnings prior to the questioning. We agree and remand the case to the court below for a new trial.

■ Counsel's assistance is deemed to be constitutionally effective if the particular course of action or non-action chosen by counsel had some reasonable basis designed to

effectuate his client's interest. *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1978). In the instant case no reasonable basis existed for the defendant's trial counsel's failure to file a suppression motion seeking to suppress the defendant's admissions. During the post conviction hearing defendant's trial counsel testified that he did not file such a motion because he felt that a free and full disclosure of the incident would show that the defendant was innocent and blameless. Under the facts of this case it is impossible for us to see how he could have reasonably concluded such to be the case. Furthermore, he could have filed the suppression motion and then, if it was denied and the statements admitted against the defendant anyhow he still could have made that same argument before the jury. Therefore, we find that defendant's counsel had no reasonable basis for failing to file the suppression motion.

■ Defendant's counsel also claimed that he believed that it would be futile to file the suppression motion because the statements were admissible. Where a claim of inadmissibility would not have been frivolous and there is no strategic reason offered to explain the failure to pursue a claim of inadmissibility, counsel is ineffective in the absence of any extenuating circumstances. *Commonwealth v. Gaston,* 474 Pa. 218, 378 A.2d 297 (1977). The mere failure of trial counsel to file a nonfrivolous claim does not necessarily constitute ineffective assistance of counsel. *Commonwealth v. Gaston,* supra. However, in the instant case the failure of defendant's counsel to file a suppression motion did constitute ineffective assistance of counsel since Miranda Warnings must be given to an individual before he is questioned while in custody or when the focus of a criminal investigation centers on him. *Commonwealth v. O'Shea,* 456 Pa. 288, 318 A.2d 713 (1974).

In our case the officers had been alerted to the fact that the child had died under unnatural circumstances and they, therefore, had reason to believe that a crime had been committed. In response to this they notified the homicide detectives of their police department. At that point the

defendant approached the officer, made the officers aware of the fact that he was with the child at the time of the incident, and began to talk about his involvement in the child's death. He was then asked "Do you want to talk about it?", to which he responded "Yeah". At that point the defendant was taken to a small room where he gave incriminating statements to the police. Under these circumstances we hold that the filing of a suppression motion would not be a futile act. In the absence of any further evidence which might be adduced during a suppression hearing it appears that a suppression order may well be warranted. In any event, the failure to file such a motion had no reasonable basis and therefore, the defendant was denied the effective assistance of counsel at his trial.

Order reversed and case remanded for a new trial.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm on the opinion of Judge Papadakos of the court below.