471 A.2d 89

**COMMONWEALTH of Pennsylvania**

v.

**Anthony PONDER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 21, 1983.

Filed Jan. 20, 1984.

568

Norris E. Gelman, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

Anthony Ponder was tried non-jury and was found guilty of robbery, conspiracy and related offenses arising from a theft committed at knifepoint in the City of Philadelphia. The trial judge thereafter sustained a motion in arrest of judgment and ordered Ponder's discharge. On appeal to this Court, the order arresting judgment was reversed; and the case was remanded for consideration of an undetermined motion for new trial. See: *Commonwealth v. Ponder*, 260 Pa.Super. 225, 393 A.2d 1235 (1978). The trial judge, on remand, ordered a new trial; and the case was

subsequently assigned to another judge for retrial. Ponder again waived trial by jury and elected to be tried without a jury. Following a verdict of guilty, oral post-trial motions were denied, and Ponder was sentenced to serve a term of imprisonment for not less than three nor more than twenty years on the robbery conviction and was placed on probation for ten years on the conviction for conspiracy. Ponder filed a direct appeal from the judgments of sentence.

 Appellant's first contention is that his "waiver of jury trial was not a knowing and intelligent waiver of his jury trial rights since at no time was there any mention of how he would participate in the selection of the jury nor was there any mention of his absolute right to challenges for cause or preemptory [sic] challenges." There is no merit in this argument.[1]

In *Commonwealth v. Smith*, 498 Pa. 661, 663, 450 A.2d 973, 973–974 (1982), the Supreme Court addressed the adequacy of a jury-trial-waiver colloquy as follows:

> "Our Rules of Criminal Procedure require a trial judge to ascertain whether a defendant's waiver of the right to trial by jury 'is a knowing and intelligent waiver, and such colloquy shall appear on the record.' Pa.R.Crim. Proc. 1101. For the waiver to be 'knowing and intelligent,' the defendant must know 'the essential ingredients of a jury trial'—
>
> > 'the requirements that the jury be chosen from members of the community (a jury of one's peers), that the

---

1. The issue is being raised for the first time on appeal; it was neither argued in nor considered by the trial court. Normally, the failure to raise an issue in the trial court will be deemed a waiver of the issue and preclude this Court's consideration thereof on appeal. *Commonwealth v. Pittman*, 320 Pa.Super. 166, 466 A.2d 1370 (1983); *Commonwealth v. Watson*, 311 Pa.Super. 89, 457 A.2d 127 (1983). We consider it here only because of appellant's averred conclusion, unsupported by any averment of facts, that trial counsel was ineffective for failing to raise the issue in the trial court. Because of the lack of merit in appellant's argument, it is obvious that counsel was not ineffective for failing to raise it in the trial court. See, e.g., *Commonwealth v. Boyd*, 300 Pa.Super. 539, 446 A.2d 1290 (1982); *Commonwealth v. Moore*, 300 Pa.Super. 488, 446 A.2d 960 (1982).

verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.' *Commonwealth v. Williams*, 454 Pa. 368, 373, 312 A.2d 597, 600 (1973)."

The record is clear that appellant understood these "essential ingredients." The following colloquy occurred:

"Q. Now, you have a right, Mr. Ponder, a Constitutionally guaranteed right, to ask for a jury trial, do you understand that, sir?

A. Yes.

Q. And if you were to ask for a jury trial, a panel of jurors, all of whose members would be citizens ... of Philadelphia, would then be called in to this room, we would have a selection process, do you understand, sir?

A. Yes.

Q. You would be allowed to participate in that process through your counsel by asking those questions which you believe would be designed to elicit information which would help you in securing the fairest possible jury, do you understand, sir?

A. Yes.

Q. And you could participate in that questioning, as I told you, do you understand that, sir?

A. Yes.

Q. Now, that jury once selected, the twelve jurors, would sit in the jury box, be sworn in to listen to the evidence and make a decision on their oath of office. They would hear all the evidence, the arguments and charge of the Court, and then they would make the ultimate decision as to whether you were to be found guilty or not guilty, do you understand, sir?

A. Yes.

. . . .

Q. I would also have to instruct them and would instruct them that they could not return a guilty

verdict unless they unanimously agreed, do you understand, sir?

A. Yes."

This colloquy, as appellant concedes, was full and complete. Appellant's responses demonstrated a knowing and intelligent waiver of the right to trial by jury. There was no requirement that the trial court give appellant a play-by-play description of the procedure to be followed in selecting a jury. It was enough that appellant knew and understood the fundamental nature of the right which he was surrendering when he opted for trial without jury. *Commonwealth v. Madison*, 271 Pa.Super. 382, 413 A.2d 718 (1979).

 Appellant also contends that trial counsel was ineffective "for failing to withdraw his written post trial motion before the first trial judge and thereby risking a higher sentence before another jurist." This contention is based on the assumption that the first trial judge, having arrested judgment on a finding of guilt, would have imposed a lenient sentence.[2] This contention is equally without merit.

"Our task in cases of this nature ... encompasses an independent review of the record ... and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives ... We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record ... [T]he balance tips in favor of a finding of effective assistance

2. Appellant's argument is as follows: "[T]here could be no better sentencing posture, in that the trial court actually believed that the convicted accused was not guilty, and believed that to the point of having arrested judgment and discharged him once before. Since leopards do not change their spots readily, appellant submits that the trial judge's feelings toward this conviction must have continued unabated, and that any sentence imposed would have been lenient." Appellant's Brief, p. 8.

as soon as it is determined that trial counsel's decisions had any reasonable basis.

*Commonwealth v. Crawford,* 285 Pa.Super. 169, 179, 427 A.2d 166, 171 (1981), quoting *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–605, 235 A.2d 349, 352–353 (1967). If it can be determined from the record that counsel's stewardship was constitutionally adequate, the judgment of sentence must be affirmed. See, e.g., *Commonwealth v. Quarles,* 310 Pa.Super. 74, 456 A.2d 188 (1983); *Commonwealth v. Maddox,* 307 Pa.Super. 524, 453 A.2d 1010 (1982); *Commonwealth v. Stafford,* 307 Pa.Super. 278, 453 A.2d 351 (1982). If, however, the record does not disclose a rational basis for counsel's strategic decision, the case must be remanded for an evidentiary hearing. *Commonwealth v. Byrd,* 493 Pa. 178, 425 A.2d 722 (1981); *Commonwealth v. Murray,* 320 Pa.Super. 77, 466 A.2d 1070 (1983); *Commonwealth v. Speller,* 311 Pa.Super. 569, 458 A.2d 198 (1983); *Commonwealth v. Golson,* 310 Pa.Super. 532, 456 A.2d 1063 (1983); *Commonwealth v. Stoner,* 284 Pa.Super. 364, 425 A.2d 1145 (1981).

In this case, it is clear that counsel's decision to pursue the motion for new trial had a reasonable basis designed to effectuate appellant's interest. If, as appellant asserts, the original trial judge experienced doubts about appellant's guilt after he had once found him guilty, counsel then had to decide whether to allow the felony conviction to stand and seek a lenient sentence or seek a new trial with the possibility of an acquittal. Counsel chose the latter and was successful in obtaining a new trial. Counsel cannot be held ineffective because, in hindsight, the course chosen resulted in a sentence of imprisonment following a new finding of guilt by a second judge. See: *Commonwealth v. McNeal,* 493 Pa. 395, 426 A.2d 606 (1981); *Commonwealth v. Mitchell,* 303 Pa.Super. 34, 449 A.2d 64 (1982); *Commonwealth v. Shoats,* 297 Pa.Super. 236, 443 A.2d 814 (1982); *Commonwealth v. Crawford, supra.* In determining counsel's effectiveness we focus only upon whether the course chosen by counsel had a reasonable basis designed to effec-

tuate appellant's interest. *Commonwealth v. McKnight,* 311 Pa.Super. 460, 457 A.2d 1272 (1983); *Commonwealth v. Cofield,* 310 Pa.Super. 356, 456 A.2d 650 (1983); *Commonwealth v. Williams,* 304 Pa.Super. 351, 450 A.2d 716 (1982).

Under the circumstances of this case, given the doubts as to appellant's guilt expressed by the original trial judge, it is doubtful that effective counsel had any real choice. He was obliged to seek for his client a full acquittal. This he could do only by pursuing the motion for new trial.

The judgments of sentence are affirmed.